GEORGE FLORES
F# 62-771 A6-216
KERN VALLEY STATE PRISON
P.O. BOX 5101
DELANO, CA 93216

New 555

FILED
08 JUL -9 PM 2:56

RMW

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CV 08 3297

GEORGE FLORES
PLAINTIFF, E-filing
vs.
WARDEN, EVANS, sued Individually;
CAPT. PONDERS, sued Individually;
LT. Celaya, sued Individually;
SGT. ATCHLEY, sued Individually;
CORRECTIONAL OFFICER J. Rodriguez, sued Individually;
And DOES 1-10 INCLUSIVE
Defendants

CASE NO. _____

COMPLAINT (PR)
42 U.S.C. § 1983

CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF EIGHTH AMENDMENT AND FOURTEENTH AMENDMENTS

DEMAND FOR JURY TRIAL

## A. INTRODUCTION

1. Plaintiff, a prisoner of the state of California, brings this damages action to redress Defendants' violation of his constitutional right to be free from cruel and unusual punishment.

2. On March 19, 2007, Defendants maliciously and sadistically used excessive force against Plaintiff while Plaintiff was attempting to comply to staff orders to prone out on cell floor at Salinas Valley State Prison in Soledad, California. Plaintiff was injured as a proximate cause of Defendant(s) action.

//

3. Plaintiff seeks damages pursuant to 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff also asserts pendent state claims which arose out of the same transaction or occurrence.

## B. JURISDICTION AND VENUE

4. Plaintiff has suffered an injury that is traceable to the actions of the defendants, and the action is a case or controversy over which this court has the jurisdiction under Article III of the United States Constitution.

5. This case is brought pursuant to 42 U.S.C. § 1983 with pendent state claim. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343. This court has pendent jurisdiction over state law claims.

6. Venue is proper in this court under 28 U.S.C. § 1391(b) because Plaintiff's claim for relief arose in this district.

7. Plaintiff has complied with the California claims statute, California Government Code Section 910 et seq. and with the Prison Litigation Reform Act of 1991 ("PLRA") by exhausting the claim to the third (and final) level of appeal.

## C. INTRADISTRICT ASSIGNMENT

8. Plaintiff claims for relief arose in Salinas Valley State Prison which is located in the City of Soledad, and the County of Monterey, in the State of California. United States District

1 PLAINTIFF. AS SUPERVISING OFFICER HE/OR SHE
2 COULD HAVE ORDERED OFFICERS TO CEASE IN ACTIONS
3 AGAINST PLAINTIFF. DEFENDANT ATCHLEY FAILURE
4 TO PROPERLY INTERVENE and SUPERVISE SUB-
5 ORDINATES WAS a PROXIMATE CAUSE OF
6 PLAINTIFF INJURIES.
7 14. DEFENDANT J. RODRIQUEZ WAS, AT ALL TIMES
8 MENTIONED HEREIN, a CORRECTIONAL OFFICER ON
9 "CHARLIE FACILITY" AT SALINAS VALLEY STATE PRISON.
10 HE/OR SHE IS SUED IN HIS/OR HER INDIVIDUAL
11 CAPACITY. AT ALL TIMES MENTIONED HEREIN,
12 J. RODRIQUEZ ACTED WITHIN THE COURSE and
13 SCOPE OF HIS/OR HER EMPLOYMENT and UNDER
14 COLOR OF LAW. DEFENDANT RODRIQUEZ USED
15 THREE (3) CONTAINERS OF "OLEORESIN CAPSICUM"
16 SPRAY IN PLAINTIFF'S FACE, and VIOLENTLY
17 YANKED PLAINTIFF'S LEG WITH ENOUGH
18 FORCE TO CAUSE DAMAGE TO PLAINTIFF'S
19 TENDON. BY USING EXCESSIVE O.C. SPRAY
20 and VIOLENTLY YANKING PLAINTIFF'S LEG
21 DEFENDANT RODRIQUEZ PROXIMATELY
22 CAUSED THE INJURIES and DAMAGES SUFF-
23 ERED BY PLAINTIFF.
24 15. DOES 1-10 WAS, AT ALL TIMES MENTIONED
25 HEREIN, MEDICAL STAFF and CORRECTIONAL
26 STAFF WHO FAILED TO ALLOW PLAINTIFF
27 TO PROPERLY and FULLY WASH OFF O.C.
28 SPRAY.

1. O.C. SPRAY FOR approximately 45 minutes
2. at which time Plaintiff was allowed to
3. Rise with minimum water, despite Repeated
4. Request to sufficiently wash O.C. SPRAY
5. from eyes and Body Plaintiff was made
6. to suffer effects of O.C. SPRAY for
7. approximately a week, Plaintiff was
8. Unable to sleep due to O.C. SPRAY burn-
9. ing effect to eyes, despite Repeated
10. Request for medical attention for
11. Lower abdominal pain, and Left Tendon.
12. 17. The physical assault to Plaintiff's
13. Person was Unwarranted, and was A
14. Violation of State Law and Procedures for
15. Use of Force.
16. 18. When Plaintiff was Assaulted, He was
17. not Being aggressive or combative
18. Towards correctional Staff or any other
19. Violent activity.
20. 19. Correctional Officer Rodriquez Assault
21. Upon Plaintiff was Unnecessary, Unware-
22. anted and constitued an Unlawful Use
23. Of excessive Force which Proximately
24. caused Plaintiff Great Pain and Suffer-
25. ing. Further, The Purposeful and Intentional
26. Assault was without any Legal Justifi-
27. cation whatsoever.
28. //

8

20. PLAINTIFF SUFFERED A TORN LOWER AB-
domen MUSCLE, and BURNING SENSATION
TO eyes FOR approximately a week.

### FIRST CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. § 1983)
DENIAL OF RIGHTS UNDER THE EIGHTH AND
FOURTEENTH AMENDMENTS OF THE UNITED STATES
CONSTITUTION

21. PLAINTIFF INCORPORATES BY REFERENCE and
RE-ALLEGES AS THOROUGHLY SET FORTH HEREIN
THE ALLEGATIONS OF PARAGRAPHS 1 THROUGH 20.

22. THIS IS an action aT LAW TO REDRESS
THE DEPRIVATION UNDER THE COLOR OF STATE
ORdinances, REGULATIONS, CUSTOMS OR
USAGE OF RIGHTS, PRIVILEGES and IMMUNITIES
SECURED TO PLAINTIFF BY THE EIGHTH and
FOURTEENTH AMENDMENTS TO THE CONSTITUTION
OF THE UNITED STATES and ARISING UNDER
THE LAWS and STATUTES OF THE STATE OF
CALIFORNIA.

23. DURING ALL TIMES MENTIONED HEREIN, THE
said DEFENDANTS and EACH OF THEM, SEPERATELY
and IN CONCERT, ACTED UNDER COLOR OF LAW, TO
WIT, UNDER THE STATUTE, ORdinance, REGUL-
ATIONS and CUSTOMS and USAGES OF THE
STATE OF CALIFORNIA. EACH OF THE said DE-
FENDANTS, SEPERATELY and IN CONCERT, ACTED
OUTSIDE OF THE SCOPE OF HIS OR HER JURISDICT-
ION and WITHOUT AUTHORIZATION OF LAW,

1  WILLFULLY and KNOWINGLY TO DEPRIVE PLAINTIFF
2  OF HIS RIGHTS TO FREEDOM FROM CRUEL and
3  UNUSUAL PUNISHMENT FROM STATE OCC-
4  asioned HARM, INJURY and DAMAGES TO
5  BODILY INTEGRITY.
6  24. AS a direct and PROXIMATE RESULT OF
7  THE VIOLATION OF PLAINTIFF'S PRIVILEGES and
8  IMMUNITIES SECURED TO HIM BY THE LAWS
9  OF THIS STATE and NATION. PLAINTIFF WAS
10 INJURED and DAMAGED HEREIN.
11             SECOND CAUSE OF ACTION
12             PENDENT STATE CLAIM
13      ASSAULT AND BATTERY - - STATE TORT LAW
14 25. PLAINTIFF INCORPORATES BY REFERENCE PARA-
15 GRAPHS 1 THROUGH 24.
16 26. THE UNJUSTIFIED and UNNECESSARY INJURY OF,
17 PLAINTIFF GEORGE FLORES, MARCH 19, 2007,
18 CONSTITUTED an INTENTIONAL ASSAULT and
19 BATTERY PROHIBITED BY CALIFORNIA STATE LAW.
20 27. DEFENDANTS, THEIR AGENTS, SERVANTS and
21 EMPLOYEES INTENTIONALLY, VIOLENTLY, FORCIBLY
22 and OFFENSIVELY ASSAULTED and BATTERED
23 PLAINTIFF WITHOUT ANY LAWFUL GROUNDS
24 THEREFORE WHILE ACTING OUTSIDE THE SCOPE OF
25 THEIR EMPLOYMENT.
26 28. PLAINTIFF did NOT GIVE HIS CONSENT TO THE
27 UNLAWFUL TOUCHING ASSAULT and BATTERY
28 AGAINST HIS PERSON.

29. BY REASON OF THE BATTERY against HIS PERSON Plaintiff SUFFERED PHYSICAL PAIN, HUMILIATION and EMOTIONAL DISTRESS.

THIRD CAUSE OF ACTION

NEGLIGENCE IN USE OF EXCESSIVE FORCE

30. Plaintiff INCORPORATES BY REFERENCE and RE-ALLEGES AS THOROUGHLY SET FORTH HEREIN THE allegations OF PARAGRAPHS 1 THROUGH 29.

31. Defendants, THEIR AGENTS, SERVANTS and EMPLOYEES NEGLIGENTLY, CARELESSLY and RECKLESSLY PERFORMED THEIR CORRECTIONAL OFFICER DUTIES, IN THAT, THEY failed TO USE CARE IN THE PERFORMANCE OF THEIR CORRECTIONAL OFFICER DUTIES AS A REASONABLE PRUDENT and CAREFUL CORRECTIONAL OFFICER WOULD HAVE USED UNDER SIMILAR CIRCUM STANCES; THAT THEY CARELESSLY, RECKLESSLY and NEGLIGENTLY ASSAULTED PLAINTIFF despite THE FACT THAT HE WAS NOT COMBATIVE, OR demonstrating ANY AGGRESSIVE BE-HAVIOR.

32. BY REASON OF THE aforesaid, Plaintiff was INJURED in BODY and mind and STILL SUFFERS EMOTIONAL DISTRESS.

33. BY REASON THE aforesaid, Plaintiff HAS Been damaged.

WHEREFORE, Plaintiff PRAYS JUDGMENTS against Defendants, and each OF THEM as FOLLOWS:

//

1  (1) COMPENSATORY DAMAGES OF $1.000.000 $^{00}$

2  (2) PUNITIVE DAMAGES OF $1.000.000. $^{00}$

3  (3) ATTORNEY'S FEE and COSTS OF THIS SUIT

4  HEREIN INCURRED.

5  (4) FOR SUCH OTHER and FURTHER RELIEF AS THE

6  COURT MAY DEEM PROPER.

7          PLAINTIFF REQUEST A JURY TRIAL

8

9  DATED: May. 19, 2008

10

11

12  BY: _George Flores_

13       GEORGE FLORES

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    APR 0 4 2008

In re:    Flores, H-62771
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0718860        Local Log No.: SVSP 07-04178

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Michael Jensen, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that when he attended Institution Classification Committee (ICC) on September 13, 2007, Correctional Captain (Capt.) Ponder did not want to discuss the CDC Form 115, Rules Violation Report (RVR) he had received. The appellant stated he believes Capt. Penders aggravated the Security Housing Unit (SHU) term by imposing the brackets of 6-12-18 months rather than the normal 2-3-4 months for a "gassing." The appellant believes staff under Capt. Ponder are aggressive and he should have been found guilty of an RVR based upon the facts that occurred, not on the title of the RVR. The appellant requests Capt. Ponder be removed from his position.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant was provided the opportunity to discuss the issues of his RVR during ICC on September 13, 2007. The Second Level of Review (SLR) indicated that after the appellant had expressed himself concerning the RVR Capt. Ponder instructed him to utilize the appeal process. The appeal was denied by the SLR.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** The appellant contends his rights were violated during the ICC of September 13, 2007. The appellant claimed he was assessed a SHU term longer than the RVR warranted.

The appellant failed to include a copy of the September 13, 2007, ICC CDC Form 128-G, Classification Chrono with his appeal and failed to include a copy of the RVR. Without these documents the Director's Level of Review (DLR) finds it difficult to support the appellant's appeal complaint. California Code of Regulations, Title 15, Section (CCR) 3084.3(c) states that the inmate must include supporting documentation towards his complaint. The DLR has determined the appellant has failed to support his complaint against Capt. Ponder and failed to demonstrate his rights were violated by the assessment of the SHU term. The DLR shall not modify the SLR.

**B.    BASIS FOR THE DECISION:**
CCR: 3341.5, 3375.2

**C.    ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
Appeals Coordinator, SVSP

13.

STATE OF CALIFORNIA

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

1# of 6#

Location: Institution/Parole Region

1. SVSP.D.07.0478    Log No.    Category

12

2. _____    2. _____

CASE 12

You may appeal any policy, action or decision which has a significant adverse effect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisal will be taken for using the appeals procedure responsibly.

*in ref both Seg hearing    Sgt kobe — Shireen Assess.*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| George Flores | H-62711 | | 0-9-11 |

**A. Describe Problem:** On 09-13-07 I went to Committee for seg "Battery on a Peace Officer" (by gassing). I wanted to talk and discuss this situation with Captain G. Ponders, when I wasn't given the chance to speak on my behalf I was dismissed. It's an on going thing to try and speak, and only not to be heard from. I was found guilty of a "Assault on a non-inmate with physical force insufficient to cause serious injury." It carrys 06/12/19" I feel that once again I'm being punished for one big over exageration by S.V.S.P. administration. Just because Captain G. Ponders can. I should have only been given the charge of what Correctional Officers said in there report of "seg incident report still wrong. Throwing a caustic substance on a non-inmate". And carrys 05/02/04" Low Exp High which is closer to a gassing than the other. What's the point of committee if we can't be heard. I believe Captain G. Ponders should be removed from his position. he's very unprofessional and just angry. 1# CDC 1858 form

If you need more space, attach one additional sheet.

**B. Action Requested:** Captain G. Ponders, creates a very angry and hostle invironment for no reason, other than because he can. I request he be removed from his position. He enjoys to see prisoners harmed in his aggressive tactics allowed and conducted by his correctional officers. And I don't want any retaliation for this "Emergency Complaint" and attached C.D.C 1858 complaint rights and responsibility form."

Inmate/Parolee Signature: George Flores H-62711    RECD OCT    Date Submitted: 09-16-07

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response:

RECD SEP 20 2007

# BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

# BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.    14.    CDC Appeal Number:

9/27/0 rejected by SVSP thing Authority as a 8/C

First Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other

**E. REVIEWER'S ACTION (Complete within 15 working days):** Date assigned: 10.9.07    Due Date: 11.19.07

Interviewed by: CCII Hughes

see attached memorandum.

SVSP INMATE APPEALS OFFICE
RECEIVED COMPLETED RESPONSE ON

Staff Signature: _____ Rankin   Title: CWT   1ST LVL ☒   2ND LVL ☐

Division Head Approved:   Date Completed:

Signature: _____ ACN   Title: _____   Returned Date to Inmate:

**F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.** I recieved 602 back on 11-25-07. Dissatisfied with results. Along with being dissmissed from Com-mittee room 09-13-07 and unable to be heard or speak of "ged" incident 115. I was threatened with SN Yard And I was told when I'm done with my shu term, I will be placed on C yard BMU placement, which neither of these threats have anything to do with my committee hearing what so ever. Captain Pardens tactics used on C yard are only meant to punish prisoners, and should be removed from C yard facility.

Signature: George Flores H-62777   RECEIVED NOV 2 9 2007   Date Submitted: 11-25-07

Second Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other

**G. REVIEWER'S ACTION (Complete within 10 working days):** Date assigned: 11-29-07    Due Date: 12.28.07
☒ See Attached Letter

Signature: _____ Rankin    12.14.07

Warden/Superintendent Signature: _____ CDW (A)   RETD FEB 1 8 2007   Date Completed: _____

**H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.** Dissatisfied with 2nd level responce. I want Capt. G. Pardons removed from C. Yard facility because he knows exactly what his Correctional Officers are doing in tactics used only to punish, any time administration uses its authority maliciously sadistically, to punish and cause prisoners harm is a violation of my 9th 8th Amendment rights to be free from cruel and unusual Punishment. Its always a violation of a prisoner's rights when in this case the minimal force wasn't used, there was no security threat or threat to any prisoner or Correctional Officer at that prison by me or cellys at that time or any other time. Thank you.

Signature: George Flores H-62777   Date Submitted: 12-27-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

Also Added one 5# First level responce Coff Second level responce. Total #1 through #6...

**DIRECTOR'S ACTION:** ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other
☒ See Attached Letter

CDC 602 (12/87)    15.    Date: APR 0 4 2008

STATE OF CALIFORNIA
CDC 1858 (2/97)

DEPARTMENT OF CORRECTIONS

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT.** CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.] #2 of #6

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
|---|---|---|
| George Flores H-62771 | George Flores | 09-16-01 |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| George Flores | George Flores | H-62771 | 09-16-01 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |
| Captain G. Pondois | | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

I thought Capt. G. Pondois had to sign it? Some one crossed out his name after the 2nd level responce.

16.

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION

**SHU TERM ASSESSMENT WORKSHEET**

CDC 629-A (Rev. 3/96)

| | |
|---|---|
| INSTITUTION Salinas Valley State Prison | UNIT ASU |

| CDCR NUMBER H62771 | NAME (Last, First, MI) FLORES, GEORGE |
|---|---|

1. **RULE VIOLATION RESULTING IN SHU TERM ASSESSMENT**
   (If more than one SHU assessable offense and no SHU term has been established, use most serious as base term and less serious as aggravation.)

   a. Rule No. _____ Date Issued 3/18/2007 Title Battery on a Peace Officer    C07-03-0019

   b. Specific Act Assault on a non-inmate with physical force insufficient to cause serious injury.
   (Must be an offense on SHU Term Assessment Chart.)

   c. List range of months for the offense using
   SHU Time Computation Table............................................ **6** LOW  **12** EXP  **18** HIGH

   d. Enter "expected" (mid-range) years, months, days of confinement.......................... **1** YR  ___ MO  ___ DAYS

2. **FACTORS IN MITIGATION AND AGGRAVATION**
   (Enter "NONE" for item 2c or indicate amount of time. Describe factors and document sources. Use only factors listed in the DOM 62050 or concurrent offenses.)

   a. Mitigating Factors. Time subtracted for mitigations.........  − ___ YR  **1** MO  ___ DAYS
      1) The inmate has not been involved in prior acts of the same or of similar nature.
      2)
      3)

   b. Aggravating Factors. Time added for aggravations...........  + ___ YR  **NONE** MO  ___ DAYS     #3 of #6
      1)
      2)
      3)

   c. Total time added or subtracted.......................................  = ___ YR  **-1** MO  ___ DAYS

3. **TOTAL SHU CONFINEMENT TIME ASSESSED**.........................  ___ YR  **11** MO  ___ DAYS
   (Subtract or add time for mitigation or aggravation to expected, item 1d plus or minus 2c)

4. **DATE OF ADMINISTRATIVE SEGREGATION CONFINEMENT/VIOLATION** Confinement Date  **2007** YR  **3** MO  **19** DAY

5. **MAXIMUM DATE OF RELEASE FROM SHU**............................  **2008** YR  **2** MO  **19** DAY
   (Add total time assessed to date of confinement, item 3 plus 4)

6. **MINIMUM DATE CONFINEMENT TIME TO SERVE**..................  ___ YR  **8** MO  **8** DAYS
   (Enter 75% of the total SHU time (item 3) using the SHU Time Computation Table)

   a. Date of confinement/violation (item 4)......................... Confinement Date  **2007** YR  **3** MO  **19** DAY

7. **MINIMUM ELIGIBLE RELEASE DATE (MERD)**......................  **2007** YR  **11** MO  **27** DAY
   (Add the minimum SHU time to the date of confinement, item 6 plus 6a)

8. **FORFEITURE OF GOOD CONDUCT CREDITS FOR SUBSEQUENT MISCONDUCT**
   (Enter "NONE" for item 8a or indicate the amount of time lost and describe and document the misconduct for which credit is being forfeited). SHU inmates may forfeit up to 45 days of clean conduct credits for each disciplinary infraction that is not serious enough to warrant the assessment of a subsequent or concurrent SHU term. Such forfeiture may be assessed against credits already earned or future credits.     CDW

   a. Time forfeited for CDC 115 - Dated: _4/12/2007_ .......................  ___ YR  **1** MO  **15** DAYS
      1)
      2)                                                                          **2008** YR  **1** MO  **12** DAY

   b. **ADJUSTED MERD** Cannot Exceed MAXIMUM............................  **2008** YR  **1** MO  **12** DAY
   (Add the amount of time forfeited to the prior MERD, item 7 plus 8a)

| NAME AND TITLE OF STAFF COMPUTING TERM Hughes J | DATE SIGNED 9/12/07 | DATE ICC ESTABLISHED TERM 9/13/07 |
|---|---|---|

DISTRIBUTION: ORIGINAL - CENTRAL FILE, YELLOW - INMATE, PINK - AUDITOR     Access S Impose

11.

# CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

NAME: FLORES                    CDCR #: H62771                    BED: D-9-111L

## COMMITTEE ACTION SUMMARY

REFER TO CSR FOR SHU AUDIT & RX TX COR-SHU / CCI-SHU, ASSESS & IMPOSE A 11 MONTH MITIGATED SHU TERM WITH A MERD OF 1/12/08 FOR RVR C07-03-0019, 'BATTERY ON A PEACE OFFICER', DATED 3/19/07, RETAIN ASU PENDING CSR REVIEW & TRANSFER, CONTINUE MAX CUSTODY, D1D EFFECTIVE 8/15/07, INCREASE P/S TO 175, CONTINUE 2X CELL & W/A YARD, PSYCH IS CLEAR, GPL: 9.9.

## COMMITTEE'S COMMENTS

Inmate FLORES appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Program/Annual Review. FLORES stated that his health was good and was willing to proceed. FLORES received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, FLORES was introduced to the committee members.

According to FLORES' CDC 114D, he was placed into SVSP's ASU on 3/18/2007 for: Battery on a Peace Officer (gassing). FLORES was found guilty as charged and assessed 150 days LOC. Therefore, ICC elects to Assess and Impose an 11 month Mitigated SHU term with a MERD of 1/12/08 for RVR C07-03-0019, "Battery on a Peace Officer", dated 3/19/07. The SHU term was Mitigated by 1 month due to no acts of the same or similar in nature within the past 5 years. ICC elects to refer to CSR for transfer to COR/CCI SHU to complete a determinate SHU term. This transfer is considered ADVERSE and he will continue MAX custody and W/G P/G D1D throughout transfer. The case was referred to the Monterey County DA and is pending review, if prosecuted SVSP will provide transportation. ICC notes MERD was extended due to a RVR while in ASU.

His Central file does not reflect a pervasive pattern of violence or predatory behavior toward cellmates, therefore he will continue double cell occupancy. He is not a participant in the MHSDS and has a 9.9 GPL. The CDC 812, 812C, 127, 840 and MCSF have been reviewed and updated. His P/S was increased by 10 points, from 165 to 175, due to receiving 2 QP's of favorable work performance (-4), 2 QP's of disciplinary free behavior (-4), & 2 Serious 115s (+18).

Based upon a review of FLORES' CDC 114D, Central File, case factors, and through discussion with him, committee elects to: Refer to CSR for SHU Audit & RX TX COR-SHU / CCI-SHU, Assess & Impose a 11 Month Mitigated SHU term with a MERD of 1/12/08 for RVR C07-03-0019, 'Battery on a Peace Officer', dated 3/19/07, Retain ASU pending CSR review & transfer, Continue MAX custody, D1D effective 8/15/07, Increase P/S to 175, Continue 2X Cell & W/A Yard, Psych is clear, GPL: 9.9.

### SHU ASSESSMENT

SHU MERD: 1/12/08 - RVR #: CO7-03-0019 (Battery on a Peace Officer)

FOC: 150 days (Division B Offense) - D2D: From 3/19/07 to 8/1~~~~

SHU Term: 11 month(s), Mitigated (1 month)   No acts the sam~~~~

At the conclusion of this review, FLORES was informed of his Appeal Rights with regards to this committee's actions. FLORES acknowledged his understanding and agreement with committee's actions.

STAFF ASSISTANT Not Assigned:  (Issues not complex and non-participant in MHSDS)

## INMATE CASE FACTORS

| CUSTODY | PS/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | AGE | ETHNIC | TERMER | NEXT BPT & DATE |
|---|---|---|---|---|---|---|---|---|---|
| MAX | 175/IV | D1D - 8/15/2007 | MEPD 9/10/2013 | 9.9 | 2/9/2008 | 35 | MEX | 1st | IPCH 8/2012 |
| RECEIVED SVSP | RECEIVED FROM & TYPE OF TX | | RECEIVED CDCR | COUNTY OF COMMITMENT | | SENTENCE | | | RESTITUTION |
| 6/26/2002 | CSP-COR - Non-Adverse | | 1/19/1993 | Los Angeles | | 26 to life | | | $0.00 |

| COMMITMENT OFFENSE |
|---|
| Murder 1st with a weapon |

| PRIOR ARREST HISTORY | DISCIPLINARY HISTORY |
|---|---|
| Exhibit Firearm,, Assault w/Deadly Wpn, RSP, DUI | Possession Inmate Mfg Wpn, Mutual Combat, Battery on an Inmate with a Weapon, Battery on an Inmate, Refusal to Obey Orders, Refusal to Submit U/A, Intro. Contraband into ASU, Participating in a stabbing assault, Possession of Inmate Mfg Alcohol, Threatening Staff, Battery on a P/O |

| SEX OFFENSES | ARSON OFFENSES | ESCAPES |
|---|---|---|
| Clear as of 2/6/2007 | Clear as of 2/6/2007 | Clear as of 2/6/2007 |

| ENEMIES | GANG/TIP | CONFIDENTIAL |
|---|---|---|
| Noted on CDC 812 & CDC 812C | Orange st. loco's | Noted & Reviewed |

| MEDICAL | TB - DATE 128C | DENTAL | DPP | SUBSTANCE ABUSE |
|---|---|---|---|---|
| Full Duty | 22 – 3/26/07 | 3 | N/A | None |

| PSYCH | MDO | DDP |
|---|---|---|
| Clear | Doesn't Meet MDO Criteria (Lifer) | NCF |

| HOUSING | CELL STATUS | CAMP, MSF, CCF, SAP, CCRC, REST. CENTER, & MCCF ELIGIBILITY / VIO Review | | |
|---|---|---|---|---|
| 180 (A1) | Double Cell | Camp Eligible: No VIO - LIF | SAP Eligible: No VIO - LIF | MCCF Eligible: No VIO - LIF |
| INTEGRATION | | MSF Eligible: No VIO - LIF | CCRC Eligible: No VIO - LIF | |
| | | CCF Eligible: No VIO - LIF | Rest. Center Eligible: No VIO - LIF | VIO Review Date: Aug0 |

| FRTTP | HWD | JOB ASSIGNMENT |
|---|---|---|
| US Citizen | None | Unassigned |

## COMMITTEE MEMBERS

MEMBERS

FC G. Ponder and LCSW A. Issacs

CHAIRPERSON

RECORDER
J. J. Hughes, CCII

INMATE COPY #4 of 6

California Department of Corrections and Rehabilitation

State of California

# APPEAL - FIRST LEVEL REVIEW
## SALINAS VALLEY STATE PRISON

**DATE:** 11/13/07

**NAME:** Flores    **CDCR #**    H62771

**APPEAL LOG #SVSP-D-07-04178**

**APPEAL DECISION:** Denied

**SUMMARY OF APPEAL:** The appellant feels that Facility Captain G. Ponder was in error by not allowing him to speak during ICC on 9/13/07.

The appellant is requesting that Captain G. Ponder be removed from his position as Facility Captain on SVSP Facility C.

**SUMMARY OF INVESTIGATION:** CCII Hughes conducted an interview with the appellant. The appellant had nothing new to add. The appellant was given the opportunity to address the committee on 9/13/07. The appellant began to talk about the guilty findings of the RVR. Captain Ponder instructed him to file an appeal on this matter. The due process of the appellant was not violated. Captain Ponder will not be removed from his position.

**APPEAL RESPONSE:** Denied

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

B. Rankin
Facility D Captain
Salinas Valley State Prison

G. LEWIS
Correctional Administrator Complex II
Salinas Valley State Prison

#5 of 6

19.

Department of Corrections and Rehabilitation

State of California

# Memorandum

Date: December 14, 2007

To: Inmate Flores, H62771
Salinas Valley State Prison

Subject: "SECOND LEVEL APPEAL" RESPONSE LOG NUMBER-SVSP-D-07-04178

**ISSUE**:    Appellant claims that Captain G. Ponder did not give him the opportunity to be heard during an Institutional Classification Committee.

Appellant is requesting on appeal that Captain Ponder be removed from his position.

**REGULATIONS**:  The rules governing this issue are:

CCR 3375 Classification Process

**SUMMARY OF INVESTIGATION**:    The First Level of Review (FLR) was completed on November 13, 2007. Correctional Counselor J. Hughes interviewed the appellant at the first level of review.  B. Rankin, Correctional Captain was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM). The assigned staff member reviewed this appeal, the FLR, and the issues contained therein.

Appellant was given an opportunity to discuss his issues at Institution Classification Committee (ICC) on September 13, 2007. Appellant expressed issues regarding a guilty finding of an RVR. After appellant expressed his issues, Captain Ponder instructed appellant to utilize the appeal process regarding the matter. After a review of this matter, no information was received that would warrant Captain Ponder's removal from facility 'C'.

**DECISION**:  The appeal is Denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.        #6 of #6

G. A. NEOTTI                                        20.
Chief Deputy Warden
Salinas Valley State Prison

21.

# INMATE REQUEST FOR INTERVIEW

STATE OF CALIFORNIA
CDC 22 (8/93)

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|----|----|----|
| 12/27/01 | Chief of Inmate Appeals | Flores George | H-16911 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | FROM | TO |
|---------|-----------|-----------------|-----------|------|-----|
| B.C. | 108 | | | | |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | FROM | TO |
|---|---|---|---|
| | | | |

Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

1st Question is I thought Capt. G. Ponder had to sign his name on complaint form? 2nd Question, I had a 602 on being issued a letter my TV or Radio from the ASU in Calinas Valley State Prison, because it states where allowed our choice in the title 15. It's been over 3 months since I sent it to you? I want my TV in SVSP ASU. Thank.

| INTERVIEWED BY | DATE |
|---|---|

DISPOSITION

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. SVSP d    1. 07.02981    8
2.    2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

*disagree w/ Doctor - wants MRI*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| George Flores | H·62771 | Ad-Seg | D·9·111 |

A. Describe Problem: I've seen the Dr. NGUYEN here in the ad-seg for a torn muscle in my upper left stomach area, maybe even a fractured rib it hurts bad at times, because of a incident 3.19.07 after it was OC pepper sprayed in my cell I slipped. I tried to share this with the Dr. I need ex-rays, he issued me just ibuprofen and would not put me up for ex-rays.

RECEIVED MAY 15 2007

Thank you.

If you need more space, attach one additional sheet. None needed

B. Action Requested: To be seen by a different Doctor and put up for ex-rays.

Inmate/Parolee Signature: George Flores H·62771    Date Submitted: 05·14·07

C. INFORMAL LEVEL (Date Received: 5·21·07)

Staff Response: REQUEST DENIED, YOU CANNOT CHOOSE WHAT DR.S YOU WANT TO BE SEEN BY. YOU ARE SCHEDULED TO BE FOLLOWED BY FOR YOUR CURRENT MEDICAL NEEDS 6/26/07 IN D9 DR.S LINE.

Staff Signature: X-Turner RN    6/21/07    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I've seen Dr. NGUYEN again and still does not want to put me up for MRI's something that's better at detecting torn ligaments or muscle. He just issued me Ibuprofen again.
Thank you.

RECD JUL 03 2007

Signature: George Flores H·62771    Date Submitted: 06·30·07
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

22.

085

First Level    ☐ Granted    ✓ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 7-9-07    Due Date: 8-15-07

Interviewed by: L. Turner    RN L. Turner on 07/12/07    Partially Granted.    An inmate may not dictate which health care provider will serve his medical needs; however, the primary care provider in D9 has changed. Your appeal is partially granted in that you have been evaluated by Dr. Nguyen (04/24/07 and 06/26/07) and by Dr. Mack (07/17/07) and both have determined that an x-ray is not medically indicated.

DELIVERED AUG 1 7 2007

Staff Signature: X Turner RN    Title: RN    Date Completed: 8/13/07
Division Head Approved:    M Byfue    Returned
Signature: _____    Title: SRN II    Date to Inmate: 8/14/07

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I'm still in pain from incident 03-19-07 In which after 4 bottles of MK-9 O.C. pepper spray was used, I was proned at in cell C-3-104 after cutting up, then was yanked backwards when removed from the cell by a Correctional Officer. I would like to be seen by an outside doctor on the streets, and set up for an MRI scan, I'm still in pain months later.

Signature: George Glass H-62171    RECEIVED AUG 2 7 2007    Date Submitted: 08-23-07

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other 9-4-07

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 9-4-07    Due Date: 10-1-07
☒ See Attached Letter

DELIVERED OCT - 3 2007

Signature: R Mack    Date Completed: 10/1/07

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Dissatisfied, I'm no Doctor the reason for me changing from an "X-ray" scan to an "MRI" is because I thought an "x-ray" is more for bone, and an "MRI" is more for muscle and/or tissue in what I've read. I have a torn muscle or tendon below my left lower rib, it hurts bad at time's. 03-19-07 when I proned at 4 bottles of MK-9 OC pepper used, the Correctional Officer was angrier that he had to go in, and pull me at, he yanked me from a proned at position. Here I am seven months later still in pain trying to get medical treatment by MRI or stronger pain medication.

Signature: George Glass H-62171    Date Submitted: 10-08-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other
☒ See Attached Letter

23.

CDC 602 (12/87)

SVSP INMATE APPEALS OFFICE
RECEIVED COMPLETED RESPONSE ON

OCT 03 2007

1ST LVL ☐ Date:    2ND LVL ☒

JAN 0 8 2008



# INMATE APPEAL ROUTE SLIP

## To: CTC

Date: July 9, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-D-07-02951** By Inmate **FLORES**, **H62771**

Please assign this appeal to appropriate staff for **FIRST** level response.

Appeal Issue: MEDICAL

Due Date: **08/15/2007**

Special Needs:

STAFF INSTRUCTIONS: **Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted**. This policy is not within the institution's jurisdiction and cannot be waived. Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return appeal to the Appeals Office. All first level appeals require signature of the Division Head. Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.

T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison



SVSP INMATE APPEALS OFFICE
RECEIVED COMPLETED RESPONSE ON

AUG 1 4 2007

1ST LVL ☒   2ND LVL ☐

24.

State of California                                         Department of Corrections and Rehabilitation



Date: October 2, 2007

To:    Inmate Flores, H62771
       Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-07-2951

**ISSUE**:
It is the appellant's position that he sustained injuries on March 19, 2007 after a custodial incident. He states that he has been seen for a torn muscle in his left upper stomach area, maybe even a fractured rib. He states that he has shared this with the provider and that he needs an x-ray. It is his statement that he was only issued Ibuprofen and was not ordered an x-ray.

The appellant requests to be seen by a different doctor and that an x-ray is ordered.

**INTERVIEWED BY**: L. Turner, Registered Nurse on July 12, 2007.

**REGULATIONS**:  The rules governing this issue are:

**California Code of Regulations, Title 15 Section:**
3350  Provision of Medical Care and Definition
3350.1 Medical Treatment/Service Exclusions
3354.1 Health Care Responsibilities and Limitations

**SUMMARY OF INVESTIGATION**:

The First Level of Review (FLR) was completed on August 13, 2007. Dr. J. Mack, MD, Physician and Surgeon was assigned to investigate this appeal at the Second Level of Review.  All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

The appellant was advised at the First Level of Response that the provider in his facility D-9 had changed. It is noted that the appellant was evaluated by Dr. D. Nguyen and Dr. Mack (7/1/07) and both determined that an x-ray was not medically indicated.

**Inmate Flores, H62771**
**Log No.: SVSP-D-07-2951**
**Page 2**

The appellant elevated to the Second Level of Review on August 23, 2007. The appellant states that he is still in pain from the March incident. The appellant changes his request at the Second Level of Review.

The request is partially granted. In that the appellant was seen by a second physician and not be the initial physician as the appellant requested in his appeal. The review of the unit health record medical history revealed that the appellant was evaluated by two different doctors. Imaging studies are not indicated in this instance. The original request by the appellant was for x-ray then later an MRI by an outside provider. The appellant is advised that there is no documentation to support medical necessity of imaging studies.

**DECISION**: The appeal is **Partially Granted.**

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.


CHARLES DUDLEY LEE, MD
Health Care Manager
Salinas Valley State Prison

# INMATE APPEAL ROUTE SLIP

### To: CTC

Date: September 4, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-D-07-02951** By Inmate <u>FLORES</u>, <u>H62771</u>

Please assign this appeal to appropriate staff for **SECOND** level response.

Appeal Issue: MEDICAL

Due Date: **10/01/2007**

Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

21.

State of California                                Department of Corrections and Rehabilitation

# Memorandum

Date: October 2, 2007

To:  Inmate Flores, H62771
     Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-07-2951

**ISSUE**:
It is the appellant's position that he sustained injuries on March 19, 2007 after a custodial incident. He states that he has been seen for a torn muscle in his left upper stomach area, maybe even a fractured rib. He states that he has shared this with the provider and that he needs an x-ray. It is his statement that he was only issued Ibuprofen and was not ordered an x-ray.

The appellant requests to be seen by a different doctor and that an x-ray is ordered.

**INTERVIEWED BY**: L. Turner, Registered Nurse on July 12, 2007.

**REGULATIONS**: The rules governing this issue are:

**California Code of Regulations, Title 15 Section:**
3350  Provision of Medical Care and Definition
3350.1 Medical Treatment/Service Exclusions
3354.1 Health Care Responsibilities and Limitations

**SUMMARY OF INVESTIGATION**:

The First Level of Review (FLR) was completed on August 13, 2007. Dr. J. Mack, MD, Physician and Surgeon was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

The appellant was advised at the First Level of Response that the provider in his facility D-9 had changed. It is noted that the appellant was evaluated by Dr. D. Nguyen and Dr. Mack (7/1/07) and both determined that an x-ray was not medically indicated.

24.

DELIVERED OCT   3 2007

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **JAN 0 8 2008**

In re: George Flores, H62771
California Correctional Institution
P.O. Box 1031
Tehachapi, CA 93581

IAB Case No.: 0711039        Local Log No.: SVSP-07-02951

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner V. O'Shaughnessy. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he sustained injuries on March 19, 2007 after a custodial incident. He states that he has been seen for a torn muscle in his left upper stomach area, maybe even a fractured rib. He states that he has shared this with the provider and that he needs an x-ray. The appellant states that he was only issued Ibuprofen and was not ordered an x-ray. The appellant requests to be seen by a different physician and that an x-ray is ordered.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant was evaluated by two different doctors. Imaging studies were not indicated in this instance. The original request by the appellant was for an x-ray, then later a magnetic resonance imaging by an outside provider. The appellant is advised that there is no documentation to support the medical necessity of imaging studies. The appeal was granted in part at the Second Level of Review (SLR) on October 2, 2007.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** The Director's Level of Review reviewed the appellant's appeal complaint and the SLR response. It is apparent that physicians have examined the appellant and provided health care in accordance with their professional opinions. The appellant was evaluated by Dr. Nguyen and by Dr. Mack ; they both determined that an x-ray was not medically indicated. An inmate should not expect a physician to treat him in accordance with the inmate's judgment. The physician has the experience and license to determine the course of medical treatment. The appellant is encouraged to monitor his condition and notify medical staff of any changes. No modification to the SLR is warranted.

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B.    BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3350, 3354

**C.    ORDER:** No changes or modifications are required by the Institution.

GEORGE FLORES, H62771
CASE NO. 0711039
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CCI
        Health Care Manager, CCI
        Appeals Coordinator, CCI
        Medical Appeals Analyst, CCI
        Appeals Coordinator, SVSP
        Medical Appeals Analyst, SVSP

30.

VERIFICATION

(C.C.P. §§ 446, 2015.5; 28 U.S.C. § 1746)

I, _George Flores_ , declare under the penalty of perjury
that:

I am the _Declarant_ in the attached matter; I have read
the foregoing document(s) and know the contents thereof; that the
same is true of my own personal knowledge, and if called to testify
as to the contents thereof, I could do so competently as a sworn wit-
ness.

Executed this _Sunday_ day of _May, 17)_ , 20 _08_ , at Kern Valley
State Prison, Delano, CA. 93216-5101.

_George Flores_
Declarant

DECLARATION OF SERVICE BY MAIL

(C.C.P. §§ 446, 2015.5; 28 U.S.C. § 1746)

I, _George Flores_ , declare: That I am a resident of
Kern Valley State Prison, Delano, California; I am over the age of 18
years; ( [✗] I am / [ ] I am not ) a party to the above entitled action;
My address is P.O. Box 5101, Delano, California 93216-5101. I served
the attached document(s) entitled; _George Flores Plaintiff, V. Warden Evans, Sued_
_-Individually; Capt. Ponder's, Sued Individually; Lt. Celaya, Sued Individually; Sgt. Atchley-_
_-Sued Individually; Correctional Officer J.Rodriguez, Sued Individually;_
_And Does 1-10 Inclusive Defendants_
On the persons/parties specified below by placing a true copy of said
document(s) into a sealed envelope with the appropriate postage affix-
ed thereto and placing said envelope(s) into the United States Mail in
a deposit box provided for at the Kern Valley State Prison, Delano,
California, addressed as follows:

_Clerk Of The United States District Court For The Northern District Of California_
_450 Golden Gate Avenue, Box 36060,_
_San Francisco, Ca. 94102_

There is First Class mail delivery service by the United States Mail
at the places so addressed and/or regular communication by mail be-
tween the place of mailing and the addresses above. I declare under
the penalty of perjury that the foregoing is true and correct and
that I executed this service on this _Wens_ day of _May 21_ ,
20 _08_ , at Kern Valley State Prison, Delano, Califrnia 93216-5101.

_George Flores_
Declarant



George Flores H·60771
rn Valley State Prison
.Box 5101 A6·216
lano, Ca. 95216

please

Clerk of the United States District
Court for the Northern District of California,
450 Golden Gate Avenue, BOX 36060
San Francisco, Ca. 94102