*E-FILED - 8/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE FLORES, | ) | No. C 08-3297 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; |
| | ) | DIRECTING DEFENDANTS TO |
| v. | ) | FILE DISPOSITIVE MOTION |
| | ) | OR NOTICE REGARDING |
| WARDEN EVANS, et al., | ) | SUCH MOTION |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of the Salinas Valley State Prison ("SVSP"), where plaintiff is housed. Plaintiff is granted leave to proceed in forma pauperis in a separate order. The court will order service of the complaint on defendants.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

Case 5:08-cv-03297-RMW     Document 3     Filed 08/12/2008     Page 2 of 7

1  Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901
2  F.2d 696, 699 (9th Cir. 1988).
3       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
4  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
5  statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon
6  which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks and
7  citations omitted). Although in order to state a claim a complaint "does not need detailed factual
8  allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'
9  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
10 of action will not do. . . . Factual allegations must be enough to raise a right to relief above the
11 speculative level.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations
12 omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on
13 its face." Id. at 1974.
14       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
15 elements: (1) that a right secured by the Constitution or laws of the United States was violated,
16 and (2) that the alleged deprivation was committed by a person acting under the color of state
17 law. West v. Atkins, 487 U.S. 42, 48 (1988).
18 B.    Plaintiff's Claim
19       Plaintiff alleges that defendant Rodriguez physically assaulted him without reason.
20 According to plaintiff, as a result of the assault, he suffered sleep deprivation and injuries to his
21 eyes, lower abdomen, and left tendon. Plaintiff further alleges that the remaining named
22 defendants were deliberately indifferent to his safety. Liberally construed, plaintiff has stated a
23 cognizable claim of a violation of his Eighth Amendment right to be free from cruel and unusual
24 punishment.
25       To the extent that plaintiff also claims defendants violated his constitutional right to due
26 process under the Fourteenth Amendment, the court dismisses this claim because his allegations
27 fall more specifically within the confines of the Eighth Amendment. See Armendariz v.
28 Penman, 75 F.3d 1311, 1325-26 (9th Cir. 1996) (en banc), abrogated on other grounds as

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\pro-se\sj.rmw\cr.08\Flores297srv          2

1  recognized by Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1025 (9th Cir. 2007). "The scope of substantive due process does not extend to areas addressed by other, more specific provisions of the Constitution." Id. at 1326. Furthermore, plaintiff has cited no authority, and this court is aware of none, that a physical assault implicates his right to due process. Such claim is therefore dismissed.

Plaintiff also alleges state law claims of negligence, assault, and battery. The federal supplemental jurisdiction statute provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Liberally construed, plaintiff's allegations satisfy the statutory requirement. Accordingly, the court will exercise supplemental jurisdiction over plaintiff's state law claims.

The court will order service of the complaint based on the cognizable claims described above.

C.   Doe Defendants

Plaintiff names ten "Doe" defendants in his complaint. Plaintiff alleges that these ten Doe defendants deliberately failed to respond to his requests for medical attention. The use of Doe defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claim against Doe defendants is dismissed from this action without prejudice. Should plaintiff learn the identity of Doe defendants through discovery, he may move to file an amendment to the complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

///

///

**CONCLUSION**

1. Plaintiff's due process claim is DISMISSED. Plaintiff's remaining claims are, when liberally construed, cognizable.

2. Plaintiff's claim regarding medical needs against Doe defendants is DISMISSED without prejudice and with leave to amend.

2. The clerk of the court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy of this order upon: **Warden Evans, Captain Ponders, Lieutenant Celaya, Sargeant Atchley, and Officer J. Rodriguez** at the **Salinas Valley State Prison** in **Soledad, California.** The clerk shall also mail a courtesy copy of this order and the complaint, with all attachments thereto, to the **California Attorney General's Office**.

3. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint as set forth above, or notify the court that they are of the opinion that this case cannot be resolved by such a motion.

   a. If defendant elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

1          a.    In the event defendant files an unenumerated motion to dismiss under
2  Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

         b.    In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1 consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff
2 without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges
3 v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4     5.    Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's
5 opposition is filed.

6     6.    The motion shall be deemed submitted as of the date the reply brief is due.  No
7 hearing will be held on the motion unless the court so orders at a later date.

8     7.    All communications by the plaintiff with the court must be served on defendant,
9 or defendant's counsel once counsel has been designated, by mailing a true copy of the
10 document to defendant or defendant's counsel.

11     8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
12 No further court order is required before the parties may conduct discovery.

13     For plaintiff's information, the proper manner of promulgating discovery is to send
14 demands for documents or interrogatories (questions asking for specific, factual responses)
15 directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to
16 matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1).
17 Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
18 cumulative or duplicative, or is obtainable from some other source that is more convenient, less
19 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
20 discovery in the action to obtain the information sought; or (iii) the burden or expense of the
21 proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  In order to comply
22 with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
23 to his benefit to wait until defendants have filed a dispositive motion which could include some
24 or all of the discovery plaintiff might seek.  In addition, no motion to compel will be considered
25 by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
26 Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer
27 with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a
28

motion to compel he must send a letter to defendants to that effect, offering them one last opportunity to provide him with the sought-after information.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 8/8/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge