***E-FILED - 10/16/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE FLORES, | ) | No. C 08-3297 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT; ORDER OF SERVICE |
| v. | ) | |
| WARDEN EVANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of the Salinas Valley State Prison ("SVSP"), where plaintiff is housed.  On August 12, 2008, the court found the complaint, liberally construed, stated cognizable claims, and ordered service of the complaint on the named defendants.  On October 3, 2008, plaintiff filed a first amended complaint before defendants had filed a responsive pleading.  Where plaintiff seeks to amend after a responsive pleading has already been served, the decision whether to grant leave to amend is committed to the sound discretion of the trial court.  See Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981).  Since defendants have not yet filed a responsive pleading, the court will grant plaintiff leave to file an amended complaint.  The court now conducts an initial screening of plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A.

///

# DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Cognizable Claims

Plaintiff alleges that defendants physically assaulted him without reason. According to plaintiff, as a result of the assault, he suffered sleep deprivation and injuries to his eyes, lower abdomen, and left tendon. Plaintiff further alleges that the remaining named defendants were deliberately indifferent to his safety. Liberally construed, plaintiff has stated a cognizable claim of a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff also alleges state law claims of assault and battery. The federal supplemental jurisdiction statute provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Liberally construed, plaintiff's allegations satisfy the statutory requirement. Accordingly, the court will exercise supplemental jurisdiction over plaintiff's state law claims.

The court will order service of the complaint based on the cognizable claims described above.

1   ///

2   C.      Excessive Force – Negligence Claim

3   Plaintiff also alleges that defendants were negligent in their use of excessive force. However, neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).  The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at 834, or, in the case of allegations of excessive force, the prisoner must show that officials applied force "maliciously and sadistically for the very purpose of causing harm," Hudson v. McMillian, 503 U.S. 1, 6 (1992).  Although the court generally grants leave to amend, here plaintiff has no cognizable negligence claim under § 1983.  Accordingly, plaintiff's negligence claim is DISMISSED without leave to amend.

D.      Administrative Appeal Claim

Plaintiff alleges that his First Amendment right to access the courts has been violated by defendant Eloy Medina.  Specifically, he claims that Medina did not properly comply with the prison grievance procedure and delayed his attempts to exhaust his administrative appeals. However, because there is no constitutional right to a prison administrative appeal or grievance system, see Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (order), plaintiff fails to allege a cognizable claim under § 1983.

As to plaintiff's claim of denial of access to the courts, prisoners do have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U. S. 343, 350 (1996).  To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury.  See id. at 350-55.  That is, if this case is dismissed for failure to administratively exhaust, there might be actual injury and plaintiff might have a claim -- but at this point, he does not.  See id. at 348 (concluding that an inability to file a claim can establish a violation of the right of access to the courts).

1    Plaintiff alleges that defendant Medina failed to follow regulations and policies in
2 processing his administrative appeal.  However, plaintiff fails to allege a cognizable claim of
3 denial of access to the courts because he fails to demonstrate any actual injury.  Rather, plaintiff
4 has been able to pursue his legal claim in the instant civil rights action.  Although the court
5 generally grants leave to amend, here, plaintiff has no cognizable claim of denial of access to the
6 courts, because he has been able to pursue his legal claims by filing the instant complaint.
7 Accordingly, plaintiff's denial of access to the courts claim concerning his administrative appeal
8 is DISMISSED without further leave to amend.  Because plaintiff's denial of access claim is the
9 only allegation against defendant Eloy Medina, defendant Medina is also DISMISSED.

## CONCLUSION

11    1.    Plaintiff's negligence claim is DISMISSED.  Plaintiff's denial of access to the
12 courts claim is DISMISSED.  Plaintiff's remaining claims are, when liberally construed,
13 cognizable.

14    2.    Defendant Eloy Medina is DISMISSED.

15    3.    The clerk of the court shall issue summons and the United States Marshal shall
16 serve, without prepayment of fees, a copy of the first amended complaint, all attachments
17 thereto, and a copy of this order upon: **Warden Evans, Captain Ponders, Lieutenant Celaya,**
18 **Sargeant Atchley, and Officer J. Rodriguez** at the **Salinas Valley State Prison** in **Soledad,**
19 **California.**  The clerk shall also mail a courtesy copy of this order and the complaint, with all
20 attachments thereto, to the **California Attorney General's Office**.

21    4.    No later than **ninety (60) days** from the date of this order, defendants shall file a
22 motion for summary judgment or other dispositive motion with respect to the claims in the
23 complaint as set forth above, or notify the court that they are of the opinion that this case cannot
24 be resolved by such a motion.

25        a.    If defendant elects to file a motion to dismiss on the grounds that plaintiff
26 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
27 defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315
28 F.3d 1108, 1119-20 (9th Cir. 2003).

1         b.     Any motion for summary judgment shall be supported by adequate factual

2 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

3 Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified**

4 **immunity found, if material facts are in dispute. If any defendant is of the opinion that this**

5 **case cannot be resolved by summary judgment, he shall so inform the court prior to the**

6 **date the summary judgment motion is due.**

7      5.     Plaintiff's opposition to the dispositive motion shall be filed with the court and

8 served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

9         a.     In the event defendant files an unenumerated motion to dismiss under

10 Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of
> the Federal Rules of Civil Procedure, on the ground you have not exhausted your
> administrative remedies. The motion will, if granted, result in the dismissal of
> your case. When a party you are suing makes a motion to dismiss for failure to
> exhaust, and that motion is properly supported by declarations (or other sworn
> testimony) and/or documents, you may not simply rely on what your complaint
> says. Instead, you must set out specific facts in declarations, depositions, answers
> to interrogatories, or documents, that contradict the facts shown in the defendant's
> declarations and documents and show that you have in fact exhausted your
> claims. If you do not submit your own evidence in opposition, the motion to
> dismiss, if appropriate, may be granted and the case dismissed.

        b.     In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which
> they seek to have your case dismissed. A motion for summary judgment under
> Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment. Generally, summary judgment must be granted when there is
> no genuine issue of material fact--that is, if there is no real dispute about any fact
> that would affect the result of your case, the party who asked for summary
> judgment is entitled to judgment as a matter of law, which will end your case.
> When a party you are suing makes a motion for summary judgment that is
> properly supported by declarations (or other sworn testimony), you cannot simply
> rely on what your complaint says. Instead, you must set out specific facts in
> declarations, depositions, answers to interrogatories, or authenticated documents,
> as provided in Rule 56(e), that contradict the facts shown in the defendants'

---

[1]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

> declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      6.     Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

      7.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

      8.     All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

      9.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the

1  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply
2  with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
3  to his benefit to wait until defendants have filed a dispositive motion which could include some
4  or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered
5  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
6  Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer
7  with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a
8  motion to compel he must send a letter to defendants to that effect, offering them one last
9  opportunity to provide him with the sought-after information.

10.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 10/15/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge