*E-FILED - 8/7/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE FLORES, | ) | No. C 08-3297 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION TO |
| v. | ) | DISMISS |
| | ) | |
| WARDEN EVANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | (Docket No. 19) |

Plaintiff, an inmate at Kern Valley State Prison, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. On October 3, 2008, plaintiff filed a first amended complaint. After reviewing the amended complaint, the court found that it stated a cognizable Eighth Amendment claim against prison officials for cruel and unusual punishment. The court also exercised its supplemental jurisdiction over plaintiff's alleged state law claims. Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff failed to exhaust administrative remedies.[1] Plaintiff filed an opposition, and defendants filed a reply. After a review of the pleadings, the court GRANTS

---

[1] Defendants also asserts that they should be dismissed because plaintiff sues them in their supervisory capacity. Because the court grants defendants' motion to dismiss for failure to exhaust administrative remedies, it is unnecessary to address this additional argument.

Order Granting Defendant's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\CR.08\Flores297.mtdexh.wpd     1

defendants' motion to dismiss and DISMISSES the complaint for failure to exhaust.

## DISCUSSION

A.     Standard of Review

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Id. In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.[2] If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

B.     Analysis

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524, 532 (2002).

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through

---

[1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the October 16, 2008 order in this matter.

several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("Director"). See Barry v. Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

In his first amended complaint ("FAC"), plaintiff alleged that on March 19, 2007, defendant Rodriguez physically assaulted him without reason. As a result of the assault, plaintiff suffered sleep deprivation and injuries to his eyes, lower abdomen, and left tendon. (FAC, p. 4-6.) Plaintiff also alleges that the remaining defendants failed to prevent or intervene in the assault. (Id.)

Defendants move to dismiss the complaint for failure to exhaust administrative remedies. Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 215-17 (2007). As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). The court has considered the proferred declarations and exhibits submitted by both parties pursuant to its authority to consider evidence outside of the pleadings and resolve disputed issues of fact in ruling on a Rule 12(b) motion. See Wyatt, 315 F.3d at 1119-20.

    1.    <u>Defendants' proof</u>

Defendants move to dismiss on the basis that plaintiff failed to administratively exhaust the cognizable claims raised in plaintiff's FAC, and therefore, this action should be dismissed for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a). Defendants declare that plaintiff failed to submit any administrative grievance regarding the underlying claims within the statutorily mandated 15 day time limit. (Defendants' Mot., p. 3.) See Cal. Code Regs., tit. 15 § 3084(c). Defendants also note that plaintiff fully exhausted two

1  administrative appeals, SVSP-D-07-04178 and SVSP-D-07-02951, both of which are
2  tangentially related to the March 19, 2007 incident, however, defendants argue that neither
3  appeal suffices to exhaust plaintiff's claims in his FAC.[3]  (Id. at 4.)
4      In support of their motion, defendants submit declarations by E. Medina and N. Grannis,
5  averring that the prison appeals office has no record of any inmate appeal submitted by plaintiff
6  concerning the claims raised in plaintiff's FAC.  Pursuant to the ordinary course of business,
7  when an inmate appeal is received, it is entered into the computer database.  (Mot., Decl.
8  Medina, p. 2.)  Further, a search of the database for all records of appeals originating from
9  plaintiff revealed no inmate appeal regarding the FAC claims submitted within the statutorily
10 required 15 days.  (Id.)  Defendants attached a copy of a computer printout documenting
11 plaintiff's appeals history from 2000 through September 2008, which does not show a record of
12 an inmate appeal concerning the FAC claims.  (Id. Ex. A.)  In addition, Medina declared under
13 penalty of perjury that at no time did he advise plaintiff that he could not submit an appeal until
14 after his rule violation hearing, as plaintiff suggests (Id.)
15     Grannis, Chief of the Inmate Appeals Branch, described the procedure for pursuing an
16 inmate appeal through each level of review.  (Mot., Decl. Grannis, p. 2.)  He asserted that the
17 Inmate Appeals Branch keeps an electronic record of all appeals that proceed through the final
18 level of review, thereby exhausting administrative remedies.  (Id.)  Grannis searched the
19 computerized system under plaintiff's name and prison number and it revealed two appeals,
20 SVSP-D-07-04178 and SVSP-D-07-02951, related to the March 19, 2007 incident.  (Id.)
21 However, neither of those appeals concerned the FAC claims.  (Id.)  In support of his statements,
22 Grannis attached a copy of the computer printout of plaintiff's appeals that proceeded through
23 the director's level of review, as well as copies of the two related appeals, SVSP-D-07-04178
24 and SVSP-D-07-02951.  (Id., Exs. A, B, C.)
25     The court finds defendants' foregoing evidence satisfies their burden of proving the
26 absence of exhaustion, demonstrating that plaintiff's FAC claims are unexhausted.  See Jones,

---

[3] Plaintiff does not dispute that he exhausted these two appeals nor does he dispute that neither appeal exhausts his FAC claims.  (Opp., p. 6-7.)

Order Granting Defendant's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\CR.08\Flores297.mtdexh.wpd        4

1 | 549 U.S. at 215-17.

2.     Plaintiff's opposition

Plaintiff posits that he tried to exhaust, but defendants prevented him from doing so by losing or destroying his inmate appeals. In support of plaintiff's position, he asserts that he filed several inmate appeals from March 22, 2007 through July 1, 2007 regarding his FAC claims but never received responses. Plaintiff also states that prison officials acknowledged one of those appeals on July 1, 2007. The court finds plaintiff's arguments are unpersuasive and do not refute defendants' evidence.

The only relevant documentary evidence submitted by plaintiff is not credible. Plaintiff submits a copy of two separate inmate appeals dated March 22, 2007 as proof that he submitted an appeal on that date. (Opp., Ex. 2, Ex. 6.) However, as defendants note, although both appeals are dated "March 22, 2007," both appear to be drafted subsequent to that date as the grievances themselves describe matters occurring after March 22, 2007. For example, plaintiff states, "When I was attacked on March 19, 2008 [sic]. This never came back to me. It was thrown away on purpose to retaliate against me. This was put in until July 01, 2007." (Opp., Ex. 2.) Not only does that grievance refer to a subsequent date, but the typographical error of "March 19, 2008," tends to demonstrate that plaintiff drafted the inmate appeal in 2008 rather than 2007. In addition, the court notes that in an attachment to the appeal, plaintiff highlighted the date "March 22, 2007," presumably to demonstrate that March 22, 2007 is the date the grievance was submitted. However, the court also notes that just below that date is a redacted section in which "07-01-07" is blacked out. The court finds that it appears more likely than not that the notation "March 22, 2007," is not the date the attachment was drafted or submitted, but rather, "07-01-07" is the correct date.

The other copied inmate appeal submitted by plaintiff and dated March 22, 2007 also makes reference to itself being the first submitted grievance. (Opp., Ex. 6.) Specifically, it states, "This was first submitted March 22 2007 Thursday after my attack." (Id.) Such language implies that the grievance was authored after March 22, 2007. Further, attached to the appeal is an addendum with more factual support for plaintiff's grieved claim. The court notes, again, that

1  at the end of the addendum is the word "Dated:" and then a portion following "Dated" is again
2  redacted. A closer look at the blackened section reveals the date "12-16-17" [sic]. Regardless of
3  whether the date is a typographical error intended to be "12-16-07," the court finds that it is
4  contradicts plaintiff's assertion that the appeal was submitted to prison officials on March 22,
5  2007.

6        In sum, plaintiff fails to attach a verified or true copy of any inmate appeal that he alleges
7  was submitted on March 22, 2007 or any other date within the 15 day time limit.[4] Plaintiff's
8  copies of the above referenced inmate appeals show no marking, such as a date-stamp or log
9  number, of being received by prison officials despite defendants' sworn statement that a date
10  stamp, log number assignment, and computerized recording of inmate appeals are matters
11  conducted as ordinary course of business. (Reply, Decl. Medina, p. 2.)

12        Based on the foregoing, the court finds plaintiff's argument that he submitted any inmate
13  appeal regarding the FAC claims on March 22, 2007 or at any other time within the 15-day time
14  limit unpersuasive.

15        In support of plaintiff's assertion that prison officials acknowledged his March 22, 2007
16  appeal on July 1, 2007 (Opp., p. 6), plaintiff includes an appeal form dated July 1, 2007 with a
17  date stamped "REC 'D JUL 16 2007." (Opp., Ex. 3.) A review of that appeal belies plaintiff's
18  claim that the March 22, 2007 grievance was "recognized on July 01, 2007 by the Salinas Valley
19  inmate appeals coordinator." (Opp., p. 6.) Rather, the only indication presumably by prison
20  officials is the date stamp marking the document received on July 16, 2007. (Id., Ex. 3.) There
21  is no other arguable "acknowledgment" demonstrable from the documents, and a date stamp
22  without more, even liberally construed, does not serve as recognition that plaintiff filed any
23  grievance on March 22, 2007. Based on the foregoing, the court find plaintiff's argument that
24  prison officials acknowledged plaintiff's March 22, 2007 grievance unpersuasive.

25        Despite plaintiff's claim that defendants prevented him from pursuing his appeal, the
26  court observes, and plaintiff concedes, that plaintiff was able to fully exhaust inmate appeals

---

[4] Plaintiff also claims that he submitted at least one other grievance prior to July 1, 2007, however, he fails to allege any specific date or any copy of such grievance.

Order Granting Defendant's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\CR.08\Flores297.mtdexh.wpd     6

1 SVSP-D-07-04178 and SVSP-D-07-02951 with no apparent obstacles.  Both of those appeals are
2 related to the March 19, 2007 events.  The court also notes that plaintiff was able to file an
3 informal appeal within the statutorily mandated 15-day time limit by filing an appeal on an
4 unrelated matter on March 29, 2007 in SVSP-D-07-01817.  (Mot., Decl. Medina, Ex. A.)  Based
5 on the foregoing, the court also finds unpersuasive plaintiff's unsupported claim that defendants
6 prevented him from exhausting his appeal.  Cf. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
7 1989) (holding conclusory allegations unsupported by factual data cannot defeat a motion for
8 summary judgment).

9      In the absence of any persuasive evidence that plaintiff submitted a timely grievance with
10 respect to the FAC claims, the court resolves the disputed facts in favor of defendants, see Wyatt,
11 315 F.3d at 1119-20, and concludes that plaintiff failed to properly exhaust his administrative
12 remedies.

**CONCLUSION**

14      Plaintiff's complaint is hereby DISMISSED without prejudice for failure to exhaust
15 administrative remedies (docket no. 19).  The clerk shall terminate any remaining motions and
16 close the file.

17      IT IS SO ORDERED.
18 DATED:   8/5/09

*Ronald M. Whyte*
RONALD M. WHYTE
19 United States District Judge

Order Granting Defendant's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\CR.08\Flores297.mtdexh.wpd    7